liGASKINS, Judge,
dissenting
I respectfully dissent from the majority opinion. The purpose of the requirement in La. R.S. 18:1434, that an objection to irregularities in an election being made with due diligence, is to place election officials on notice that an irregularity has occurred, thus providing an opportunity to correct the irregularity on election day. The trial court in this case found that Mrs. Johnson’s conversation with the election commissioners present at her polling place did not rise to the level of an objection exercised with due diligence. In his opinion, the trial judge described the testimony of Mrs. Johnson as “not clear.” The plaintiff had the burden of proving that an irregularity occurred, that a timely objection was made to the irregularity and that the irregularity would have affected the outcome of the election. The trial court, which is afforded much discretion, correctly found that the plaintiff in this case failed to carry his burden of proof.